### SAMUEL SAUNDERS *vs.* RICHARD J. MILLWARD, WILLIAM MILLWARD and COLLINS TATMAN.

A constable having made a lawful levy on goods, is justified in taking possession of them afterwards, by force if resisted.

TRESPASS de bonis asportatis. Pleas, not guilty ; justification and license. Replication to plea of license ; excess.

The action was against defendants for entering plaintiff's house and taking away his goods forcibly.

The proof on the part of the plaintiff was that the defendants came to the house and demanded admission, which was refused by plaintiff's wife; that they threatened to break open the doors, and the defendant Tatman did break a pane of glass and run his arm through the window. The defendants were very violent; frightened the children; and threw the goods out of doors.

The evidence for defendants was that Richard J. Millward had a judgment and execution against Saunders, which was placed in the hands of Tatman, a constable, who went to plaintiff's house to make a levy; after taking the inventory, Tatman went with Saunders to a neighbor's for the purpose of getting security for the forthcoming of the goods: he failed in this, and was then told by Saunders to go back and take the goods, in the attempt to do which he was resisted by plaintiff's wife.

*Mr. Guthrie,* to the jury, contended that this was a case of excess and abuse of authority which rendered the defendants liable as trespassers for breaking the house and other acts of violence. (1 *Smith's Leading Cases* 39; *Semayne's Case.*) That there was no evidence of a legal levy of the execution, and the officer never had legal custody of the goods. But even if there had been a levy, the subsequent violence made them trespassers ab initio. That the license was no excuse; it was a permission to take goods peaceably; not to break the house. The doing so was an excess of the license He claimed exemplary damages.

*Mr. Gray,* contra, contended that there was a lawful levy made without violence, and a subsequent taking possession of the goods before levied on, with the direct permission of plaintiff, and that the violence was occasiond by the plaintiff's wife.

*The Court:*

HARRINGTON, *Judge.*—It appears by the evidence that these goods were taken by the defendants, and there was some degree of violence. The jury must determine whether the violence used was justified or excused, and how. The defence set up is: 1st. A justification as a public officer in execution of lawful process of execution. 2d. By a license from the plaintiff himself.

Every man's property, especially that which is in his house, is under the protection of the law; and the taking possession of it without his consent or by due warrant of law, and in the mode allowed by the law, is a trespass. It is for the defendants in this case there-

fore, to excuse the act of taking possession of this property by the permission of the plaintiff; or to justify it by authority for making the levy in the first instance, or the right to resume possession of property previously levied on.

A public officer has no right to break open outer doors to make a levy. (3 *Harr. Rep.* 288.) If a levy has been once lawfully made, he may break doors to carry away the property or effect a sale. (2 *Ibid.* 495-6.) Yet if an officer be guilty of oppression under color of his process, he would be liable to exemplary damages. (2 *Ibid* 486.)

Verdict for defendants.

*Guthrie*, for plaintiff.
*Gray*, for defendants.